UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 397, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN WATER WORKS COMPANY, INC. and ILLINOIS AMERICAN WATER COMPANY GRANITE CITY DISTRICT, <br><br> Defendants, | Cause No.   3:12-cv-00600-JPG-DGW |

## COMPLAINT TO ENFORCE ARBITRATION

Plaintiff, Laborers' International Union of North America, Local Union No. 397 (hereinafter the "Union"), by and through its attorneys, Daniel M. McLaughlin and Spector, Wolfe & McLaughlin, LLC, brings this Complaint against Defendants, American Water Works Company, Inc. and Illinois American Water Company Granite City District, Inc. (hereinafter the "Company"), to confirm and enforce certain provisions of the collective bargaining agreement by and between the parties, namely Section 3, Grievance/Arbitration Procedure. In support thereof, the Union states as follows:

1.  The Union is a labor organization representing employees for the purpose of collective bargaining in an industry affecting commerce as that term is defined in Section 2(5) of the Labor Management Relations Act, 29 U.S.C. § 152 (5), as amended, and within the meaning of Section 301 thereof (29 U.S.C. § 185).

2.  The Company is an employer within the meaning of Section 2(2) of the Labor Management Relations Act, 29 U.S.C. § 152(2), as amended.

3. Jurisdiction is conferred on this Court pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

4. Venue is appropriate pursuant to Section 301(c)(1) of the Labor Management Relations Act, 29 U.S.C. § 185 (c)(1), as amended, in that Plaintiff's principal office is located at 518 Henry Street, Edwardsville, Illinois 62025, located within the Eastern District of Missouri.

5. Plaintiff and Defendant are parties to and bound by a written collective bargaining agreement (hereinafter "the Agreement") governing the wages, hours and other terms and conditions of employment of the Employer. A true and correct copy of the Agreement is attached hereto, marked as **Exhibit A** and made a part hereof.

6. Section 3 of the Agreement governs the manner in which disputes and grievances between Plaintiff and Defendant will be resolved. Section 3 defines a grievance as any "differences which may arise out of the application or interpretation of the provisions of this agreement.".

7. Section 21 of the Agreement governs the manner in which certain employee benefits, such as pension benefits, shall be contributed, administered and paid to employees covered by this Agreement.

8. On or about July 25, 2011, the Union filed a grievance on behalf of bargaining unit member Darrell Tyler (hereinafter the "Grievant") for the alleged continuing violation of Section 21 of the Agreement. The grievance alleged that the Company has been in continuing violation of Section 21 by its failure to make pension contributions, on behalf of the Grievant, to the Company's defined benefit pension plan.

9. After several months of discussions, representatives of the Company and Union agreed to submit this matter to arbitration in accordance with Section 3 of the Agreement. On

October 18, 2011, the Union requested a panel of arbitrators from the Federal Mediation and Conciliation Service (hereinafter "FMCS"). The FMCS panel was received by representatives of the Company and Union on October 18, 2011.

10. On or around January 12, 2012, the Union and Company's respective counsels mutually agreed to the selection of arbitrator, Mark Suardi, Esq. (hereinafter "Suardi") to hear the grievance identified in paragraph 8 herein. Suardi was not one of the seven (7) arbitrators offered by the FMCS panel of October 18, 2011.

11. On January 16, 2012, Suardi offered the parties "dates of availability" to hear the grievance identified in paragraph 8 herein. After several unsuccessful attempts to schedule the arbitration in accordance with Section 3 of the Agreement, counsel for the Union, on March 21, 2012, requested additional "dates of availability" from Suardi.

12. On or about March 6, 2012, counsel for the Company sent correspondence via electronic mail to counsel for the Union inquiring in the claim alleged in the grievance identified in paragraph 8 herein.

13. On March 8, 2012, via electronic mail, and again on March 21, 2012, via certified mail, counsel for the Union formally responded to the Company's inquiries of March 6, 2012, and demanded this matter be arbitrated in accordance with Section 3 of the Agreement.

14. On April 12, 2012, via electronic mail, counsel from the Union received correspondence from counsel for the Company stating that the Company unequivocally rejects the Union's demand to arbitrate the grievance identified in paragraph 8 herein.

15. Despite the Union's repeated requests to have the grievance heard in accordance with Section 3 of this Agreement, the Company continues to fail and refuse to adhere to the Agreement.

16.     The Company's continued refusal to comply with the Union's request to arbitrate violates the labor agreement and is without legal justification.

WHEREFORE, the Union prays:

1.      That an Order and Judgment be issued by this Court against the Company stating that it has breached the parties Agreement by failing and refusing submit the grievance filed on July 25, 2011 to arbitration in accordance with Section 3 of the Agreement.

2.      That an Order be issued by this Court compelling the Company to adhere to Section 3 of the Agreement and arbitrate the grievance filed July 25, 2011, by the Union and on behalf of the Grievant.

3.      For the Union's costs of suit herein;

4.      For the Union's attorney fees herein; and

5.      For such other and further relief as the Court deems just and proper.

Respectfully Submitted,

LABORERS' INTERNATIONAL UNION OF
NORTH AMERICAN, LOCAL UNION NO. 397,

_____
Daniel M. McLaughlin # 534172
SPECTOR, WOLFE & McLAUGHLIN, LLC
117 West Woodbine Ave.
Kirkwood, Missouri 63122
(314) 909-0303 Telephone
(314) 909-0306 Facsimile
dan@spectorwolfe.com
spectorwolfe@spectorwolfe.com
Attorney for Plaintiff